IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT EVANS MAHLER,

        Plaintiff,

        v.

STATE OF OREGON; MARION COUNTY, OREGON; MARION COUNTY JUSTICE COURT; JEFF NICOLOFF, Senior Deputy, Marion County Sheriff; and Does 1-10,

        Defendants.

Case. No. 6:19-cv-00695-MC

OPINION AND ORDER

MCSHANE, Judge:

    *Pro se* plaintiff Robert Mahler seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. *Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs

liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Here, Mahler seeks to challenge his parking ticket following what Mahler alleges were Constitutionally deficient proceedings in Marion County Justice Court. Stated another way, Mahler seeks to turn his parking ticket into a federal case. Mahler alleges the judge below failed to grant him IFP status, and that the "abbreviated trial" denied him "the time to completely plead his case." Compl. ¶¶ 7-8. Construed liberally, Mahler brings claims to this Court that fall under the Oregon Tort Claims Act and 42 U.S.C.A. § 1983.[1] Mahler seeks $155,000 in damages and asks this Court to stay the fines and fees from his state court litigation.

## I. *Rooker-Feldman* Doctrine

Mahler's complaint is an end run around state court proceedings and as such, his claims are barred by the *Rooker-Feldman* doctrine. Here, Mahler seeks to set aside the fine imposed by the court below; i.e., that the deficiencies below render his violation invalid. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). As Mahler's action here is actually an end run challenge to his state court violation, his claims are barred.

Even if there is no final judgment on his appeal in state court, *Younger* abstention could prevent this court from wading into the issues Mahler raises. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeding. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004)

---

[1] Mahler labels his claims as claims under the Federal Tort Claims Act and the 4th, 5th, and 14th amendments to the United States Constitution. However, as Mahler names state, not federal defendants, his claims fall under the Oregon Tort Claims Act and § 1983.

(citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of Sand Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Mahler asks this Court to stay the payment required to appeal to the Marion County Circuit Court demonstrating that if a final judgement has not been given, the state proceedings are ongoing. Given the types of claims made against the State of Oregon, Mahler's claims implicate an important state interest, and the forum of the Marion County Circuit Court is adequate for such proceedings. Mahler's claims could be barred since the three criteria for the *Younger* abstention have been met in this case.

## II. OTCA

To the extent Mahler intended to bring a tort claim against Defendants in Count 3, he must comply with the requirements of the Oregon Tort Claims Act (OTCA), ORS 30.260–300. Compl. ¶ 21–24. "The Oregon Torts Claims Act provides an exclusive remedy for pursuing a tort claim against a public body." *Plumeau v. Sch. Dist. No. 40 Cnty of Yamhill*, 130 F.3d 432, 436 (9th Cir. 1997). The OTCA requires plaintiffs to give notice of their claims to the public body in question, usually within 180 days after the alleged loss or injury. ORS 30.275(2)(b). The burden is on the plaintiff to show the notice was timely. ORS 30.275(7). In this case, Mahler does not mention any notice given to Defendants and unless notice is provided, Mahler's tort claims against the public body defendants would be barred.

## III. Sovereign and Judicial Immunity

The Eleventh Amendment provides the states with "sovereign immunity" allowing a state immunity from suit, whether by its own citizens or those of another state, without its consent.

U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637 (2011). Absent a waiver, or congressional abrogation, the courts cannot entertain an individual's suit against a state. *Id*. at 1638. The State must choose to assert this defense and, without such assertion, a court can ignore it. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998). The state of Oregon has not appeared yet to assert this affirmative defense, but should the defense be raised Mahler's claims against the state would be barred.

Judicial immunity is a common law doctrine that protects "the finality of judgements" and "discourage[es] inappropriate collateral attacks . . . by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988)(citing Bradley v. Fisher, 80 U.S. 335, 347 (1871)). "The common law's rationale for these decisions—freeing the judicial process of harassment or intimidation—has been thought to require absolute immunity even for advocates and witnesses. *Id*. However, even with this immunity, "judicial mistakes or wrongs are open to correction through ordinary mechanisms of review," the appellate process. *Id*.

In this case, Mahler's claims are all based on certain alleged events and actions that occurred during the litigation of a parking ticket in Marion County Justice Court. Given common law notions of judicial immunity, this sort of collateral suit claiming error in adjudication is barred. Mahler is free to pursue these claims through the "ordinary mechanism of review" instead by continuing with or filing an appeal at the state court level.

/ / / /

/ / / /

/ / / /

/ / / /

## CONCLUSION

For the reasons stated above, Mahler's complaint fails to state a claim on which relief may be granted, and it must be dismissed. 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED

DATED this 31st day of July, 2019.

                                                  /s/ Michael McShane
                                                  Michael McShane
                                        United States District Judge